# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOHN FINN, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:12-cv-107-JMS-WGH |
| | ) | |
| WARDEN, Federal Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Directing Further Proceedings

Petitioner Finn is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). He challenges the validity of an enhanced sentenced imposed by the United States District Court for the Northern District of Iowa.

The petitioner may have an uphill path to travel in demonstrating that a remedy via § 2241(c)(3) should be available to him. And it is his burden to show that such a remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

A writ of habeas corpus via § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence in those cases where § 2255 is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). A remedy via § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

On the basis of the foregoing, therefore, the petitioner shall have **through June 4, 2012,** in which to show cause why this action can proceed under § 2241 or why, in the alternative, it should not be transferred to the United States District Court for the Northern District of Iowa.

**IT IS SO ORDERED.**

Date: 05/14/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**John K. Finn**
**09483-29**
**Terre Haute Federal Correctional Institution**
**Inmate Mail/Parcels**
**P.O. Box 33**
**Terre Haute, IN 47808**